IN THE MATTER OF THE PETITION OF HANNAH McGOWAN AND OTHERS, AS HEIRS-AT-LAW AND LEGATEES UNDER THE LAST WILL, ETC., OF THOMAS P. WALLACE, DECEASED.

*Surrogate — power of, pending a contest as to the validity of a will, to direct payments to be made to legatees — Code of Civil Procedure, sec. 2650.*

Section 2650 of the Code of Civil Procedure provides that, after the service upon an executor or administrator, with the will annexed, of a citation, requiring him to show cause why the probate of the will should not be revoked, he "must suspend, until a decree is made upon the petition, all proceedings relating to the estate, except for the recovery or preservation of property, the collection and payment of debts, and *such other acts as he is expressly allowed to perform, by an order of the surrogate, made upon notice to the petitioner.*" *Held,* that this section was intended to restrict the powers of the executor, and not to enlarge those of the surrogate, and that the latter could not thereunder make an order directing a portion of the estate to be paid over to and distributed among the legatees.

APPEAL from an order of the Surrogate's Court directing a distribution of moneys to the petitioners.

*H. W. Bookstaver*, for the contestant, appellant.

*Joseph H. Choate*, for the petitioners, respondents.

DAVIS, P. J.:

The testator, Thomas P. Wallace, died September 4, 1880. His will was admitted to probate and letters testamentary were issued

thereon on the 14th of September, 1880. James Wallace, a brother of the testator, filed allegations against the validity and due execution of the will and the mental capacity of the testator within one year after the probate. A citation was issued under the provisions of article 2 of chapter 18 of title 3 of the Code of Civil Procedure. The validity of the will was thereupon contested before the Surrogate, and finally, on the 31st of December, 1881, a decree was entered confirming the probate. From this decree, on the 10th of January, 1882, the contestant appealed to this court, where the appeal is now pending.

On the 30th day of March, 1882, the respondents, John F. Wallace, Hannah McGowan and Catherine O'Meara, presented to the surrogate a petition, praying the surrogate to make an order directing the executors to divide a sum of money on deposit in the New York Life Insurance and Trust Company into three equal portions or shares, and to pay to each of them one portion or share. The ground stated in the petition is that the petitioners " are anxious to have an advance made to them on account of their respective interests in said estate." The petition failed to show that any of the petitioners were poor or in need of money, or that it was necessary for their support or education. The petition was opposed by the appellant by affidavit, denying some of the statements of the petition, and subsequently an order of reference was made to a referee to take testimony and proof of the facts and report his·opinion thereon. Upon the coming in of the report, the surrogate made an' order directing the executors to pay out of the estate the sum of $30,000 to Hannah McGowan, $25,000 to Catherine O'Meara and $30,000 to John F. Wallace.

It is very clear that the application in this case was not made under the provisions of section 2719 of the Code. That section relates to applications for the payment of legacies, " although a year has not expired " since letters were granted, and it authorizes such payment to be made only upon showing the condition of things therein prescribed, and upon the filing of a bond approved by the surrogate, conditioned as therein directed. That section has very clearly nothing to do with the case before us. It is claimed, however, on the part of the respondents, that the surrogate had power to make the order under section 2650. That section is

a part of the article relating to "revocation of probate," and is in these words:

"After service upon him of a citation, issued as prescribed in the last three sections, the executor or administrator, with the will annexed, must suspend, until a decree is made upon the petition, all proceedings relating to the estate, except for the recovery or preservation of property, the collection and payment of debts, *and such other acts as he is expressly allowed to perform by an order of the surrogate made upon notice to the petitioner.*"

The object of the section is to suspend the proceedings of the executor or administrator, which he might have taken if no application had been made to revoke the probate of the will, except for the recovery or preservation of property, the collection and payment of debts, and such other acts as he may be expressly allowed to perform by an order of the surrogate made upon notice to the petitioner. Its object is not to enlarge the powers of the surrogate, but to restrict and restrain those of the executor, and to provide that he shall perform none of the acts pertaining to his office pending the contest, except those for the recovery and preservation of property and the collection and payment of debts, unless he be expressly allowed to perform them by an order of the surrogate made upon notice to the petitioner. We think it was not intended to confer power upon the surrogate by this section to allow the performance of acts by an executor which he could not have performed *as such executor*, had there been no proceedings to revoke the probate of the will. It was decided in *Le Bau* v. *Vanderbilt* (3 Redf., 384, 414), that the surrogate had no power to grant any advance of a portion of a legacy even where the legatee was one of the next of kin, and entitled, if the will were set aside, to a distributive share much larger than the legacy. It is not claimed that the executor in this case had power as such, at the time the citation was issued upon the petition to revoke probate, to make the payments which have been ordered. As no such official power existed, it was, of course, not suspended by section 2650, and as that section, in our view, simply authorizes the surrogate to allow the performance of acts suspended by the service of the citation, it has no application to the case.

If the construction claimed for the section by the respondents be

the true one, it confers power upon the surrogate to authorize the distribution of the whole of an estate to legatees under the will pending a contest over the probate of the will. Such a power would be extremely dangerous, and might be the subject of great abuses.

We are confirmed in our view of the section by the fact that other sections of the Code have made provisions for complete or partial distribution of an estate among legatees, which are to some extent, at least, conflicting with those claimed for section 2650. Section 2717 provides for proceedings by a legatee to compel, by an order of the Surrogate's Court, the payment of a legacy at any time after one year has expired since letters were granted. Section 2718 distinctly specifies how such petition may be met and answered, and prescribes what must appear before such a decree can be made. Section 2719 provides, as has already been stated, for the case of an application before the expiration of a year, and specifies what must be shown and done to entitle the applicant to an order in his favor. Those are all the statutory provisions for proceedings of this character, and they strongly argue that no arbitrary and unrestrained power was intended to be conferred on the surrogate by section 2650.

Again, it may be said that the provisions of section 2650 ceased to operate when the suspension provided for by that section terminated. That suspension terminated by the entry of a final decree of the surrogate confirming the probate of the will, which was on the 31st of December, 1881. The appeal was not taken until the 10th of January, 1882. We may assume that the appeal was taken in such form as to operate as a stay of proceedings upon the decree appealed from. If that be the case, the proceedings of the executor are not now suspended by the effect of section 2650, but by the appeal still pending in this court. If these proceedings had been taken under sections 2717 and 2718, upon proper showing of the facts requisite under those sections, it might be that the surrogate would have power to make an order similar to that now appealed from. But it is obvious that this proceeding was not taken under those sections, and that the question determined by the order below has been simply that of power under section 2650.

We are of opinion that the learned surrogate erred in that respect, and for that reason we think the order should be reversed,

but under the circumstances, without costs and without prejudice to any proceedings. that the respondents may be advised to take under sections 2717 and 2718, the construction of which, however, is not now under advisement.

BRADY and DANIELS, JJ., concurred.

Order reversed, without costs.